No. 11,456.

BOARD OF COUNTY COMMISSIONERS OF COSTILLA COUNTY v. WOOD, ADMINISTRATRIX.

Decided November 22, 1926.

Action to recover for publication of legal notice. Judgment for plaintiff.

*Affirmed.*

1. JUDGMENT—*Non Obstante.* A judgment non obstante must rest on the pleadings, and the evidence is irrelevant to it.

2. TAXES AND TAXATION—*Delinquent—Sale—Notice.* The notice of tax sale and delinquent tax list, required to be published, are one and the same thing.

3. *Delinquent—Notice—Publication—Statutes Construed.* Sections 7403 and 7406, C. L., relating to newspaper publication of tax sale and delinquent tax list, considered and construed.

4. NEWSPAPERS—*Delinquent Tax—Notice—Publication.* Expense of publication of notice of tax sale and delinquent tax list at instance of county treasurer, must be paid by the county.

5. *Tax Sale—Notice—Publication.* A county may rescind the selection of a newspaper to publish notice of tax sale and delinquent tax list, but not after publication has been made.

6.   TAXES AND TAXATION—*Sale—Delinquent—Publication of Notice.* A county is not required to ask for bids for the publication of notice of tax sale and delinquent tax list. Section 8684, C. L., has no application thereto.

7.   *Notice—Publication—Payment.* The law commands that the publisher of notice of tax sale and delinquent tax list be paid, and the objection that the administratrix of the publisher has no capacity to sue, held untenable.

8.   *Omission of Tax Sale.* County commissioners have no power to omit tax sale and publication of delinquent tax list.

9.   PLEADING—*Evidence—Conclusions.* Evidential matter, conclusions of law, and argument, have no place in the pleadings.

10.  *Notice—Publication—Cost.* Essentials of a complaint for recovery of cost of publication of legal notice, outlined.

*Error to the District Court of Costilla County, Hon. Jesse C. Wiley, Judge.*

Mr. PHILLIP HORNBEIN, Mr. F. B. WEBSTER, for plaintiff in error.

Mr. RALPH L. CARR, Mr. J. H. THOMAS, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE county, defendant below, had a verdict and the plaintiff, Mrs. Wood, a judgment non obstante.

A judgment non obstante must rest on the pleadings (33 C. J. 1177-80), and the evidence is irrelevant to it. The elaborate discussion of the evidence has not aided but hampered us in reaching a decision.

The statutes in point are C. L. §§ 7403 and 7406, the pertinent parts of which are as follows:

Sec. 7403 ''The treasurer shall cause the said notice [notice of tax sale] to be published in four consecutive

weekly issues in the newspaper which has been *awarded the contract by the county commissioners, * * *.*"

Sec. 7406 "It shall be the duty of the board of county commissioners of each county to select a newspaper of general circulation published in said county, in which the treasurer shall publish the delinquent tax list of their respective counties, and for such service the commissioners shall allow payment, not exceeding the rate as provided by law."

The notice of sale and delinquent tax list are one and the same thing.

The complaint states that the board of county commissioners designated plaintiff's newspaper as that in which the delinquent tax list should be published, that pursuant thereto the treasurer sent the list to plaintiff's paper for publication; that she published it; that her claim therefor was disallowed; wherefore she appeals to the court.

The answer admits that the resolution designating the plaintiff's newspaper was passed, that the treasurer sent the list for publication and that the plaintiff published it in said paper, but the county claims that no contract had "been awarded" * * * "by the county commissioners" under C. L. 7403, and this brings up the controlling question in the case, i. e., When the board has selected a newspaper under 7406 is it also necessary that it should award a contract under 7403 before it becomes the treasurer's duty to publish, and if so of what does that award consist? It seems to be claimed that the board must not only select a paper but must make a contract with its publishers for the publication before the list can lawfully be published. These sections must, of course, be construed together. How shall that be done? The county claims that the selection of a newspaper under 7406 is not awarding a contract under 7403. We think, however, that "selecting" in 7406 and "awarding" in 7403 were intended by the legislature to refer to one act. The board could not make a contract with a newspaper, but they

might award a contract to it, a contract to be afterwards consummated by and with the proprietor. These two sections were passed at one time in the same act. One requires the treasurer to publish in the paper which "has been awarded the contract" and the other requires him to publish in the paper which the commissioners have selected. Is it possible that the legislature meant two papers? Of course not. Is it possible that they meant the commissioners should first select and then award? What could be their purpose, and why then do they command the commissioners to allow the claim for publication in the selected paper? We think the practical way to treat these sections is to say that "award the contract" means "select the newspaper," then, when the newspaper was selected the contract was awarded, and was made when the list was published at the direction of the treasurer. That this was the way the actual transaction was understood by the parties is shown by their previous treatment of the situation. This having been decided the remaining questions raised in the briefs become immaterial or easy to answer.

It is insisted that there was no contract between the plaintiff and the board and no consideration. The consideration was the publication. To pay is a duty charged upon the board by section 7406. If we wish to go back to common law the contract is a promise to pay, implied by law, because of the executed consideration, performed by the plaintiff, at the direction of the treasurer, whose duty it was to procure its performance.

Defendant claims that plaintiff agreed with the chairman of the board that she would not publish till further notice but that could not relieve the treasurer of his duty to publish and the expense of the performance of that duty the board must pay.

The point is made that the board might rightfully rescind the selection at any time. Certainly; but they did not till long after the publication.

It is claimed that C. L. section 8684 requires the board to take bids for work such as that here in question. We think not. This section provides that the board shall "cause an advertisement to be inserted in the official paper of their respective counties, under the heading of 'stationery proposals,' asking for bids for the supplying, for one year, * * * of all books, stationery, records, printing, lithographing, and such other supplies * * * as are furnished to the several officers of their county * * *." There is nothing there which can be said to include publication or anything but stationery and supplies. The requirement for advertisement in the "official paper" evidently recognizes this.

It is objected that the contract is void under C. L. section 8686, but that section refers only to the provisions of 8684, so this objection is answered by what we have said above.

The objections as to the capacity in which plaintiff sues, i. e., as administratrix, or as to her rights as administratrix, fall to the ground with the first objection herein noticed. The paper was selected, the treasurer, pursuant to the mandate of the statute, published therein, the law commands that the publisher of the paper be paid, it matters not who he is.

This controversy arose out of an attempt on the part of the commissioners to omit the tax sale and the publication of the delinquent list, for the year 1922. It ought to be unnecessary to say that they have no power to do such a thing. The support of the state's government does not rest on the choice of the commissioners of her counties.

The matter has been confused by too great detail of the pleadings, which contain not only evidential matter and conclusions of law but statements of law and even arguments. The essentials of the complaint are merely that the board selected the paper, that the treasurer directed the publication of the list therein and the plaintiff pub-

lished it there accordingly. Since none of these was denied and there was no valid plea of confession and avoidance the court was obliged to render judgment non obstante.

The other points made by plaintiff in error are answered by the necessary consequences of what we have already said.

The judgment is affirmed.

MR. JUSTICE SHEAFOR, sitting for MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.