No. 11,927.

DE BOER v. OLMSTED.

Decided September 26, 1927.

Action for broker's commission. Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1. BROKERS—*Trial*—*Jury Questions.* Whether a broker was entitled to a commission for procuring a purchaser for personalty, or leasing defendant's premises, or both, held for the jury, and a judgment non obstante veredicto, error.

2. JUDGMENT—*Non Obstante.* It is the general rule that a judgment non obstante veredicto is to be tested by the pleadings.

3. *Non Obstante.* A motion for judgment non obstante veredicto need not be so designated, and a motion for judgment in a larger amount than the damages assessed by the jury is a motion for judgment non obstante,

4. VERDICT—*Incomplete*. A verdict which omits assessment of damages when it is in favor of plaintiff, is incomplete.

5. APPEAL AND ERROR—*New Trial—Judgment Obstante*. Failure to file a motion for new trial does not deprive a party of the right to have reviewed an order directing a judgment non obstante veredicto entered after the time for filing the motion has expired.

6.    *Record—Presumption*. Where only one error is alleged on review, the presumption is that the record is otherwise good.

*Error to the District Court of the City and County of Denver, Hon. Frank McDonough, Sr., Judge.*

Mr. REES D. REES, Mr. C. E. WAMPLER, for plaintiff in error.

Mr. GRANBY R. HILLYER, for defendant in error.

*Department Two.*

MR. JUSTICE ADAMS delivered the opinion of the court.

OLMSTED, defendant in error, was plaintiff below and De Boer defendant. We refer to Olmsted as plaintiff and to De Boer as defendant, their alignment there.

Plaintiff, a broker, sued defendant in the county court for a commission. On trial to a jury he lost, appealed to the district court, and obtained a trial de novo before a jury there, whose verdict reads: "We, the jury, find the issues herein joined for the plaintiff, and assess his damages at the sum of sixty-four dollars and fifty-five cents." Thereafter, plaintiff moved the court for judgment in the sum of two hundred and eighty-six dollars and costs, on grounds hereinafter stated. The motion was argued and granted, and judgment entered accordingly. Defendant brings the case here and asks for a supersedeas. The one assignment of error is that the court erred in sustaining plaintiff's motion for judgment non obstante veredicto, and in rendering judgment for the larger amount.

Plaintiff alleged that at defendant's request he got defendant a purchaser for certain personalty in the sum of four thousand dollars, and also procured a tenant on defendant's land, from which the latter received the sum of twelve hundred dollars in rental; that defendant had agreed to pay plaintiff a fee of five per cent on each of these sums, and had failed to do so. These issues, and the amount of damages, if any, were submitted to the jury.

1. Plaintiff's motion was based upon the theory that the only issue submitted to the jury was as to whether there was a listing contract to secure a lessee for defendant's realty and a purchaser for the personal property; that no issue was raised as to the amount due under the contract, and that the verdict in so far as it fixed the amount of plaintiff's recovery was mere surplusage, and ineffectual.

Plaintiff has misconceived the issues raised by himself. The case not only involved the question of whether there was a contract, but what such agreement was. Giving his pleadings their best construction, and under the issues tendered by the answer, the jury might have found from the evidence that plaintiff was entitled to either a percentage on the sale of the personalty, or on the rental of the land, or both, or neither of them. It was the jury's business to sift the evidence, which it did, and the verdict indicated that its members were unanimous in their belief that plaintiff was entitled by agreement with defendant to five per cent on the twelve hundred dollars rental, with interest, but no more. The honorable trial judge, on the other hand, substituted his own judgment for that of the jury, and determined that plaintiff was entitled to recover upon both of his claims, and increased the amount accordingly. But the evidence was conflicting; it was a jury question, and there was nothing to take it out of the general rule that a judgment non obstante is to be tested by the pleadings. *Board of County Commissioners v. Wood,* 80 Colo. 279, 280, 250

Pac. 860. The court's action was therefore erroneous and prejudicial to defendant.

2. Counsel for plaintiff also assert that the motion was not, technically, a motion for judgment non obstante veredicto. It was not so designated, but does not need to be to make it such. The words themselves indicate their meaning, and a motion for judgment in a larger amount than the damages assessed by the jury is a motion non obstante. Counsel are mistaken in supposing that only one special question of fact was submitted to the jury, and in saying that the question of damages was not submitted, and that therefore the jury had no right to assess them. The whole case went to the jury to determine all the facts. The matter of damages was covered by the fifth instruction, and not objected to by either party. The verdict would have been, incomplete if the jury had disobeyed the instruction, by omitting assessment of damages, when it found for plaintiff.

3. Counsel for plaintiff argue that defendant is out of court because they say defendant did not file a motion for new trial, as required by rule 8, but if there was a breach, plaintiff himself is an offender. The following occurred in June, 1927: On the 17th, case tried, verdict returned, exceptions by both sides, and both allowed ten days to file motion for new trial. No such motion was filed by either, within the time or at all. On the 22nd, the motion for judgment in excess of the verdict, which is here in controversy, was filed. On the 30th, motion argued, sustained, excess judgment directed, and motion for new trial dispensed with. On that day, the 30th, both parties were in default for noncompliance with the order of the 17th; this ratified the verdict, and judgment should have been entered thereon and in accordance therewith. A new trial is out of the case, by the inaction of both parties, but it does not deprive defendant of the right to challenge the order of the court, subsequent to the trial, in directing a judgment contrary to the verdict.

4. There are no assignments or cross assignments of error affecting the admission or rejection of proof, nor relating to instructions to the jury, asked or given, nor assignment of error of any kind other than that which pertains to the action of the court in increasing the amount of the judgment over that of the verdict. The presumption, therefore, is of a flawless record, other than the part on which error is assigned, and we limit ourselves to this consideration. Finding the objections to the trial court's action well taken, and setting such ruling aside, the record is otherwise good, including the verdict of the jury for plaintiff in the sum of $64.55. So it would be improper in this case to put the parties to the expense of a new trial, or to penalize one for the errors or omissions of the other. We therefore reverse the order of the trial court entering judgment in excess of the verdict, and direct that the judgment for plaintiff be reduced to the amount of such verdict.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.