No. 14,041.

Healy *v.* Hewitt.
(71 P. [2d] 63)

Decided July 6, 1937.

Mr. WILLIAM F. McGLONE, Mr. JOSEPH A. CRAVEN, for plaintiff in error.

Mr. EARL J. HOWER, Mr. GLENN L. DALY, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

HEWITT, defendant in error, as plaintiff in the trial court obtained a judgment upon a jury's verdict for actual and exemplary damages for serious personal injuries which he alleged were caused by the negligence of Healy, plaintiff in error and defendant in the trial court. The complaint alleged, and the jury by a special verdict found, that Healy was guilty of negligence consisting of a wanton or wilful disregard of the rights, feelings and safety of others and of Hewitt, the plaintiff. The verdict was for $12,000 actual, and $3,000 exemplary, damages. Body execution was ordered on the special verdict. Healy prosecutes this writ of error and will be mentioned herein by name or as defendant, while reference will be made to defendant in error as plaintiff.

The accident occurred about 1:30 a. m., February 10, 1935, on the highway between Denver and Littleton just south of the Denver city limits. A very foggy condition prevailed before and at the time of the accident. Plaintiff accompanied by one lady guest, had driven out upon the highway from the Tia Juana Night Club a short distance to the north of the scene of the accident. Where his windshield wiper had been working when he went into the night club some ten or fifteen minutes before, particles of ice or frost had accumulated on the wind-

shield. The density of the fog limited his visibility to some fifteen or twenty feet ahead. He stopped his automobile without setting the brakes, had extended his left foot and leg from the left door of the car to the running board and was attempting to wipe the windshield when his car and he were struck by Healy's automobile which approached from the north and behind plaintiff's car. There is some conflict in the evidence as to where plaintiff had stopped his car with reference to its being on or off the paved portion of the highway at that point, but regardless of that fact his car was forced forward some 25 or 30 feet, struck the post of a mail box and came to a stop after breaking off the post. Defendant's car traveled forward approximately 90 feet and after turning over came to a stop on the east side of the highway. On the trial, plaintiff attempted to support his allegations of negligence by endeavoring to show that defendant was intoxicated and was driving at an excessive rate of speed under the conditions.

Defendant, by his answer, denied plaintiff's allegation of negligence and alleged contributory negligence on the part of plaintiff due to the manner in which he had stopped his automobile and its position upon the highway, contrary to the statutes governing such matters and he offered much testimony in support of this answer. He here presents numerous assignments of error and contends: That by certain instructions he was denied the full effect of his defense of contributory negligence; that there was a failure to prove lack of due care upon his part; that there was insufficient evidence of intoxication upon which to instruct the jury unless it was instructed that there was a causal and negligent relation between the alleged intoxication and the accident; that there is no evidence of the kind and degree necessary to justify or support the special verdict; and that error was committed in the giving of certain instructions and the refusal of others tendered.

Events transpiring prior to the accident, aside from

the question of intoxication, as gathered from the record, briefly are: That at about one o'clock at night, Healy accompanied by one Weckbaugh left the Cosmopolitan Hotel in Denver to drive to Blakeland, a resort south of Littleton; that at the time there was a rather heavy fog which varied in density in different localities; that, as Healy testified, in driving in the city of Denver his speed was from five to twenty-five miles per hour; that as he left the city limits his visibility became reduced to about 200 feet; that on meeting another automobile, the lights from the approaching car almost restricted visibility to a minimum. All this was generally corroborated by Mr. Weckbaugh. The plaintiff testified that he left the Tia Juana Night Club, which is located a short distance north of the scene of the accident, and drove out onto the highway; that his visibility was about 15 to 20 feet ahead with the bright lights on; that he could not see any of the surrounding trees or objects; and that frost had accumulated on his windshield at the place where his windshield wiper operated. His guest testified that the windshield on her side of the car was not obstructed; that the fog was of the same density from the night club to the scene of the accident where it was very heavy. Others testified similarly as to the foggy condition at the place of the accident. Some witnesses said that in approaching the place of the accident, they found streaks of fog along the road and that it seemed to be lighter between the place of the accident and Denver, and that the fog was more dense in low places. Plaintiff further testified that he drove his automobile entirely off the pavement onto the shoulder of the highway where he stopped. His guest, Miss Lawson, stated that she looked out of the car window and saw the graveled shoulder; neither she nor plaintiff at the time of stopping, according to the evidence, looked to the north, the direction from which Healy's car approached. Plaintiff testified he saw a car approaching from the south; further that he was familiar with the highway at that point, having traveled

it nearly every day. From the record it appears that plaintiff's car was six feet and one inch wide. There is sharp conflict as to just where Healy met a car approaching from the south, that is, whether it was within a few feet of plaintiff's parked car or considerably further to the north. He testified that it was only 15 or 20 feet from plaintiff's car and that the lights from the approaching car at the time he met it caused him to see an object immediately in front of him which turned out to be plaintiff's car. Miss Sullivan, who was riding in the approaching car, testified that she saw the lights of Healy's automobile as their car approached the place of the accident and that his car was traveling in a usual sort of way; that she saw no lights from plaintiff's car. Healy testified that when he first saw the parked car the right wheels of his own car were a foot to sixteen inches on the pavement from the shoulder; that he immediately cut his car over to the left and applied the brakes. Weckbaugh, who was with Healy, testified that he was sure Healy's car was on the pavement and following the road. Mr. Juhan, a passenger in the approaching car, testified that he could see the tracks of Healy's car leading to the point of the accident; that the east track was from eighteen inches to two feet from the center line of the pavement. Mr. Bahns, a witness for plaintiff, testified that from the car tracks he saw, the fender of plaintiff's car would have been over on the pavement, and that he did not see any lights on plaintiff's car.

All of this disputed testimony presents the question as to whether or not plaintiff had complied with the provisions of the Motor Vehicle Act concerning the stopping or parking of automobiles on the highway, and also the question of contributory negligence. The pertinent statute is as follows:

"Section 93. (a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district,

when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway.

\* \* \* \* \* \* \* \* \*

"(c) The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position." C. 122, S. L. 1931.

The court instructed the jury on the question of contributory negligence, to which there was no objection on the part of plaintiff, it apparently being conceded that there was sufficient evidence in the case to present that question, and to require instructions thereon.

Instruction No. 19, as given, over objections, is as follows: "You are instructed that if you find from a preponderance of the evidence that the plaintiff suffered injury and damage and such injury and damage were caused by wanton, wilful or reckless acts or conduct on the part of the defendant in operating his said automobile, the plaintiff may recover for said injury and damage even though you find by a preponderance of the evidence that plaintiff was guilty of contributory negligence."

Assuming, without deciding, that there was sufficient evidence to support the giving of this instruction, we address ourselves to the single question whether or not the last portion of it is a correct statement of the law. It will be observed that even though the pre-

ponderance of the evidence clearly established contributory negligence, this instruction completely destroys its effect as a defense, and withdraws that question from the jury. This condition of the record immediately leads us to a consideration of the propriety of giving this instruction under the circumstances of the case as disclosed by the record. There is no doubt that the instruction is proper when a wilful and intentional injury has been pleaded and is an issue. The pleadings and the evidence in this case, however, make it one of negligence, and the record does not support a charge of wilful and intentional injury. The instruction does not deal with negligence on the part of defendant, but clearly and distinctly treats the matter as "caused by wanton, wilful or reckless acts or conduct." It is well established in this jurisdiction that contributory negligence, with few possible exceptions, is a complete defense in actions of this nature. The above instruction qualifies this established rule and tends to recognize comparative degrees of negligence against it in this jurisdiction. *Denver & R. G. R. R. Co. v. Spencer*, 25 Colo. 9, 52 Pac. 211. The complaint alleges that the defendant was "guilty of negligence consisting of a wanton and/or wilful disregard of the rights, and safety of others." This is not the equivalent of an allegation of a wilful or intentional injury. Wilful misconduct is something more than negligence, however gross or aggravated. It includes the idea of an intentional wrong, and in the doing of such an intentional wrong, it is not done negligently, but with the intent to accomplish a specific purpose. Negligence is never anything more than negligence. The controverted instruction is designed to cover a wilful tort and as such, with its tendency to destroy the defense of contributory negligence, has no place in this case in view of the record, and its giving constitutes reversible error. Guided by this instruction, it cannot be said that the jury was free to give full consideration, if any at all, to the question of contributory negligence.

On other questions presented by the record, the justices, as now advised, are not in complete harmony, but all agree that no other question requires present consideration, in view of the fact that the cause must be remanded.

The judgment therefore is reversed and the cause remanded.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD dissent.

MR. JUSTICE HILLIARD, dissenting.

I am not in accord with the determination on error, and premise my dissent on the statement in the major opinion immediately to be quoted, and its record support. ''The complaint alleged, and the jury by a special verdict found,'' says the opinion, ''that Healy was guilty of negligence consisting of a wanton or wilful disregard of the rights, feelings and safety of others and of Hewitt, the plaintiff.'' The jury had in mind, of course, the evidence to the effect that the injury occurred about 1 o'clock at night, when, through a dense fog, defendant, intoxicated, accompanied by another, was driving an automobile at 35 miles per hour, as he said, or, as other witnesses said, up to 55 miles per hour, on the Colorado Springs highway from Denver to a resort south of Littleton called Blakeland. The opinion does not gainsay the sufficiency of the evidence on any point.

But, the court determines, instruction No. 19, quoted in the opinion, which was to the effect that where from a preponderance of the evidence the jury finds the injury was caused by the ''wanton, wilful or reckless acts or conduct on the part of the defendant in operating his said automobile,'' plaintiff's contributory negligence will not preclude recovery, is erroneous. Considering the record, I think the instruction stated the law. In the first place, only a careless and heedless man, whatever of idleness prompting, intoxication here, with no mission

other than to go to Blakeland in the middle of the night, would drive through a heavy fog at the speed indicated by the record. In my view, defendant's acts were not only wanton and reckless, but amounted to criminality in the sense contemplated by the statute. S. L. 1931, c. 122, §72. Out of the sum of it all, I think defendant put himself in such position that the defense of contributory negligence should be denied him. 45 C. J. 676, §43. "It is not necessary that the wrongdoer should actually realize that he is invading the rights of another person." Id. "An act or omission may be wanton, although there is no actual or direct intent to inflict injury." Id. §44. Putting the matter negatively, we have said: "If the deceased was guilty of contributory negligence, then plaintiff could not recover, unless the conduct of the defendant was wilfully and wantonly reckless." *Montgomery v. Colorado Co.,* 50 Colo. 210, 214, 114 Pac. 659. The same principle is recognized in *Denver & R. G. R. R. Co. v. Buffehr,* 30 Colo. 27, 69 Pac. 582; *Denver & R. G. R. R. Co. v. Spencer,* 25 Colo. 9, 52 Pac. 211. "Where willful or wanton conduct for which defendant is responsible is a proximate cause of the injuries complained of, contributory negligence does not bar recovery * * *. Thus the doctrine of contributory negligence has no application in actions founded * * * upon acts exhibiting an indifference to the rights of others and a reckless disregard of whether injury is done or not." 45 C. J. 981, §533. "One who is willfully and wantonly negligent may not be intoxicated, but one who, sufficiently under the influence of liquor to impair his capacity as a driver, or who has just consumed intoxicants sufficient to speedily reduce him to incapacity, yet sufficiently sober to know he is undertaking a sober man's job, puts himself at the wheel of an automobile and takes the road, is guilty of a willful and wanton disregard of the rights of all persons who ride with him or use the highway he travels." *Foster v. Redding,* 97 Colo. 4, 7, 45 P. [2d] 940.

I think the safety of the public requires that the doctrine announced in instruction No. 19, should be upheld as against an automobile driver proceeding in the manner and under conditions obtaining here.

MR. CHIEF JUSTICE BURKE concurs in this opinion.