No. 38,923

GEORGE A. SCHUMOCK, *Appellant,* v. FRANK CARL MEERIAN, *Appellee.*

(259 P. 2d 173)

Opinion filed July 6, 1953.

*Ralph H. Noah,* of Beloit, argued the cause, and *Don W. Noah,* of Beloit, was with him on the briefs for the appellant.

*F. R. Lobaugh,* of Washington, and *Hal E. Harlan,* of Manhattan, argued the cause, and *A. M. Johnston,* of Manhattan, and *Joe S. Brown,* of Washington, were with them on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action to recover for personal injuries and property damage sustained in an automobile collision. From a judgment in favor of defendant plaintiff has appealed, alleging seven specifications of error.

The collision occurred in the intersection of two streets in the city of Washington. Plaintiff entered the intersection from the south and defendant from the west. The latter was attempting to make a left turn. The points of impact of the vehicles were the right front fender of defendant's vehicle and the left front fender of plaintiff's. Neither vehicle appeared to be damaged to any extent and neither plaintiff nor defendant appeared to be injured. Immediately following the collision plaintiff drove his car on north into Nebraska without any repairs being made thereon.

Thereafter he brought this action, claiming actual damages for personal injuries and loss in the amount of $51,250, punitive damages in the amount of $10,000, and damage to his automobile in the amount of $400.

The first trial of the action resulted in a hung jury. In the second trial, with which we are concerned, the jury returned answers to special questions, the substance of which is as follows:

That plaintiff's vehicle entered the intersection after that of defendant's; that plaintiff did not have the right of way at the intersection; that under the facts and conditions shown plaintiff did not have a right to assume defendant was going to yield the right of way to him; that plaintiff did not discover defendant was not going to yield the right of way; that plaintiff could have avoided the collision by applying his brakes had he discovered defendant was not yielding the right of way; that upon entering the intersection, and also at the time of the collision, plaintiff was driving about twenty miles per hour, whereas defendant was driving from fifteen to twenty miles per hour upon entering the intersection and at the time of the collision; that as he approached the intersection plaintiff was not maintaining a proper lookout for vehicles approaching from the left; that plaintiff saw defendant's vehicle prior to the collision, but that he did nothing to avoid the collision, and that he was not using due care for his own safety from the time he closely approached the intersection until the time of the collision.

Along with the answers to special questions the jury returned two forms of verdict, which read as follow:

"VERDICT

"We the jury duly impanelled and sworn, do upon our oaths find for the plaintiff, and assess his recovery at the sums following:
"For personal injuries and loss . . . . . . . . '. . . . . . . . . . . . . . . . . . . . . $ None
"For damage and loss to automobile . . . . . . . . . . . . . . . . . . . . . . . $ None"

"VERDICT

"We the jury duly impanelled and sworn, do upon our oaths find for the defendant. Not Guilty (written in pencil)"

These verdicts were accepted and approved by the court, and plaintiff's motions for a limited new trial upon the question of damages only, and for a new trial generally, were overruled.

Plaintiff first complains of alleged error in the exclusion of evidence. This has to do with excerpts from defendant's testimony given on the first trial. It is not made to appear the court erred in this respect. Defendant was present and testified at the second trial, and full opportunity was afforded plaintiff in the cross-examination of this witness.

The next assignments of error relate to the refusal to give certain requested instructions and to the instructions given. This court has examined those given and those which were refused. They will not be set out, but it is sufficient to say that the jury was fully and properly instructed on all matters in issue in the light of the evidence introduced. One of plaintiff's complaints in this regard concerns the refusal of the court to submit the question of punitive damages to the jury. One answer to this contention is that there simply was no evidence which would have justified the submission of that question to the jury. Another is that in view of the finding plaintiff was not entitled to recover actual damages no verdict for punitive damages could be sustained.

Plaintiff next alleges error in the court's failure to set aside answers to special questions on the ground they are not supported by the evidence. These answers have already been summarized. As we read the record, the collision was one of a routine nature frequently occurring in intersections of city streets, and presented facts and circumstances familiar to all. It was essentially a fact case and one for determination by the trier of facts. The jury resolved those facts in favor of defendant, and it cannot be said the findings are not supported by evidence. Such being the case, they are not to be disturbed on appeal.

Plaintiff argues that because the jury returned the signed form of verdict to be used in the event the jury should find for the plaintiff it is obvious the jury intended to render a verdict, and in fact did, for plaintiff, and therefore he is entitled to a new trial on the question of damages only.

From the record it is apparent the court followed the usual procedure of submitting two forms of verdict, one to be returned in the event the jury should find for the plaintiff, and the other to be returned in the event judgment should be for defendant. It is true the jury was guilty of a technical mistake in returning both forms submitted to it, but it also is very obvious as to what its intentions were, namely, that plaintiff should recover nothing for personal injuries and loss, and nothing for damage and loss to his automobile, and that defendant was found to be "not guilty" of that with which he was charged, namely, actionable negligence. Both the trial judge (now deceased) and his successor who ruled on plaintiff's post-trial motions interpreted the verdicts as being in favor of defendant. We agree. On the general subject matter see *Schwab v. Nordstrom*, 138 Kan. 497, 500, 27 P. 2d 242.

What has been said might well apply to complaints concerning alleged error in overruling plaintiff's motion for a new trial generally and in rendering judgment for defendant. A careful examination of the record before us discloses no reversible error and the judgment of the lower court is therefore affirmed.