**J. Elmer COOPER, Plaintiff in Error,**

v.

**W. P. WOODRUFF, Defendant in Error.**

No. 38644.

Supreme Court of Oklahoma.

Dec. 20, 1960.

Rucker, Tabor & Cox, Joseph M. Best, O. H. (Pat) O'Neal, Tulsa, for plaintiff in error.

Roehm A. West, Charles E. Norman, Tulsa, for defendant in error.

IRWIN, Justice.

The present litigation was occasioned by a collision between two automobiles at a Tulsa County intersection. The amended petition charges several acts of negligence on the part of the defendant. Two causes of action were joined. One for injury to plaintiff's person; the other for damages to the automobile. Under the former, recovery was sought for present and future medical expenses as well as for pain and suffering. Defendant answered by general denial, plea of contributory negligence, unavoidable casualty and sudden emergency. Upon submission of the cause to a jury a verdict was returned in this form:

> "We, the jury empaneled and sworn in the above entitled cause, do upon our oaths, find the issues for the plaintiff and fix the amount of his recovery at $ None for first cause of action for personal injuries None, for second cause of action for damage to auto $307.00."

The lower court sustained plaintiff's motion for a new trial. Defendant seeks corrective relief from this court and contends that the order granting a new trial, being wholly unsupported by any tenable grounds cognizable by law, was an arbitrary and capricious act constituting error of law and an abuse of sound judicial discretion. In our reference to the parties

we will continue to use their trial court designation.

In his motion for a new trial plaintiff relied on the following grounds: (a) irregularity in the proceedings of the court and jury; (b) amount of recovery allowed the plaintiff was given under the influence of passion and prejudice; (c) error in the assessment of the amount of recovery; (d) the verdict is contrary to law; (e) the verdict is contrary to and in disregard of the court's instructions. While the journal entry does not recite any reasons for the lower court's action, the record discloses the following comment of the trial judge:

"The Court will sustain the motion for new trial on the ground that the jury committed error in the assessment of damages; that the damages were grossly inadequate and the Court believes that, at least, nominal damages were sustained by the plaintiff in his first cause of action, the jury having found by their verdict for the plaintiff in the second cause of action that the defendant was negligent, the jury having found that the plaintiff was entitled to a verdict for property damages in the second cause of action."

Plaintiff points out that the jury returned what he terms to be a "general verdict", which, it is urged, must be construed under the law (Title 12 O.S.1951 § 587) as a pronouncement of the triers resolving in his favor all the material issuable facts necessary to support it. Implicit in such verdict, the argument follows, was a finding for the plaintiff on all three essential elements of actionable negligence, these being: (a) defendant owed a duty to protect plaintiff from injury; (b) defendant failed to perform that duty; (c) plaintiff suffered an injury as a proximate result of defendant's negligence to perform that duty. Plaintiff asserts that since by the terms of the "general verdict" in his favor it was necessarily determined that he had sustained personal injury, and the uncontradicted proof established he had incurred medical expenses for treatment thereof in the sum of $811, and the jury's failure to allow any recovery upon the first cause of action was contrary to law and the evidence and in disregard of the instructions.

Hence, plaintiff contends, the lower court's action in granting a new trial rests on tenable grounds sanctioned by Title 12 O.S.Supp.1959, § 651, subdivision 6.

■ The argument so urged entirely overlooks the fact that the jury did not return in the instant cause a general lump-sum verdict for the plaintiff. Rather, the verdict consists of two separate findings on each cause of action submitted. The issues presented by these separate causes of action were distinct. The mere fact that plaintiff prevailed on his claim for property damage did not necessarily entitle him to recover for any elements of damage sought under the first cause of action (whether it be for medical expenses or otherwise) unless the issue that he sustained a personal injury was likewise resolved in his favor.

It is unmistakable that while the verdict passes adversely to the defendant on the issue of negligence and allows plaintiff recovery for damages to his automobile in the full sum proved by the evidence, the jury plainly intended to deny plaintiff's claim for personal injury and affirmatively declined to assess any amount therefor. The record does not disclose the nature of other forms of verdict furnished to the jury, and we must presume in the absence of any showing to the contrary, that the jury selected the form which seemed best adapted or most appropriate to indicate their findings.

■■ When, as in the cause at bar, the jury pronounces that plaintiff is entitled to no recovery, their verdict is in fact and in law a finding for the defendant. Verdicts similar in form and substance have been so construed. See Sarkeys v. Marlow, 205 Okl. 15, 235 P.2d 676; Blain v. Yockey, 117 Colo. 29, 184 P.2d 1015; Atlantic Coast Line R. Co. v. Price, Fla., 46 So.2d 481; Baldwin v. Ewing, 69 Idaho 176, 204 P.2d 430; Chapin v. Foege, 296 Ill.App. 96, 15 N.E.2d 943; Schumock v.

Meerian, 175 Kan. 8, 259 P.2d 173; Sheldon v. Imhoff, 198 Wash. 66, 87 P.2d 103; See also, 49 A.L.R.2d § 8, p. 1334. The issue of whether plaintiff's alleged injuries resulted from the collision was in dispute and the expert testimony in sharp conflict. There is ample evidence from which the jury could have found that plaintiff was afflicted with a pre-existing disc pathology and his condition was neither precipitated nor aggravated by any trauma he might have suffered in the automobile collision with the defendant. The only conclusion to be reached is that the jury passed upon the issue adversely to the plaintiff and found that he did not sustain any personal injury.

The verdict, when returned, was received without objection from the plaintiff. The trial court accepted the same although it could have advised the jury that the verdict was not in proper form and directed it to retire for further deliberations. See Stephens v. Draper, Okl., 350 P.2d 506. The law is clear that when imperfect, defective or irregular verdict is returned by the jury, an objection to the form thereof must be timely interposed before the jury is discharged, and unless so made, it is deemed waived. M. & P. Stores, Inc. v. Taylor, Okl., 326 P.2d 804; Lyons v. McKay, Okl., 313 P.2d 527; Shamblin v. Shamblin, 206 Okl. 133, 241 P.2d 941; Bunch v. Perkins, 198 Okl. 517, 180 P.2d 664. J. S. Hoffman, Inc. v. Palmer, 173 Okl. 249, 47 P.2d 88.

The verdict as returned, although not necessarily perfect and regular in form, substantially finds the questions in issue in such manner as enables the trial court to intelligently pronounce judgment thereon according to the manifest intention of the jury. It is therefore deemed sufficiently certain in law to support a judgment. 53 Am.Jur. Trial § 1050, p. 726; See annotation in 49 A.L.R.2d § 8, p. 1334.

In Chapin v. Foege, supra, it is stated [296 Ill.App. 96, 15 N.E.2d 945]:

"The following statement on inartificially drawn verdicts is found in 27 R.C.L. pp. 858, 859: 'Although defective in form, if it (the verdict) substantially finds the question in issue in such a way as will enable the court intelligently to pronounce judgment thereon, for one or the other party according to the manifest intention of the jury, it is sufficiently certain. The mere fact that a verdict is inartifically drawn or is otherwise informal, does not vitiate it as it is to be kept in mind that juries are usually composed of men who are not learned in the forms of law or exact in their use of language, and therefore all reasonable intendments should be made in order to sustain their verdicts when the validity of such verdicts is challenged on merely technical grounds. Moreover, every reasonable construction should be adopted for the purpose of working the verdict into form so as to make it serve. If, by reference to the record, any uncertainty in the verdict can be explained, it is sufficient to sustain the appropriate judgment; and if the parties could not have been prejudicially affected, the fact that the form is unusual and not according to practice, is not such a defect as to justify a reversal.'"

In our examination of the record we found no prejudicial errors or vitiating irregularities. The case was regularly submitted to the jury under proper instructions and its verdict is reasonably supported by sufficient competent evidence.

Where it appears that a litigant did not present valid reasons for a new trial, and the record is barren of sufficient legal grounds for ordering a re-examination of fact issues, this Court will hold that none existed and that the trial court abused its discretion in sustaining the motion. Bishop Restaurants, Inc., of Tulsa v. Whomble, Okl., 355 P.2d 560, 561; Poynter v. Beacon Falls Rubber Co., 115 Okl. 245, 242 P. 563; McMahan v. McCafferty, 205 Okl. 656, 240 P.2d 443.

The order of the trial court sustaining plaintiff's motion for a new trial is reversed

with directions to vacate the same and enter judgment in accordance with the verdict of the jury.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, BLACKBIRD, JACKSON and BERRY, JJ., concur.