ETHEL DAWSON, by next friend, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 12, 1911.

1. CARRIERS OF PASSENGERS: Negligence: Instructions: Employee's Malicious Act: Striking Passenger Boarding Car. In an action for damages for personal injuries sustained by plaintiff, a girl fifteen years old, which were caused by the wrongful act of the motorman of defendant street railway company in striking plaintiff, held, that an instruction which read as follows: "The question is, whether the wrong was done willfully and maliciously, and without lawful justification or excuse, and if you find and believe from the evidence that the

assault of defendant's motorman, if any, upon plaintiff was wanton and brutal, then your verdict must be for the plaintiff," was not open to the objection that it assumed that the motorman assaulted plaintiff.

2. ———: ———: ———: **Raising Questions Not in Issue.** Where an instruction raises a question that was not in issue either under the pleadings or on the evidence, and referred the jury to the petition to ascertain the damages, defendant's objection to the same is well-founded.

3. ———: **Damages: Finding of Exemplary without Actual Damages: Court's Action.** Where the jury originally found only exemplary damages for the plaintiff, and the court orally informed them unless they found there was actual damage sustained they must find for the defendant, whereupon the jury found one dollar actual and $500 exemplary damages, *held*, that the action of the court was not prejudicial error.

4. **WITNESSES: Credibility of.** As the credibility of the witnesses was solely a matter for the jury, the appellate court cannot heed defendant's argument that the verdict of the jury was obtained on false testimony.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn*, Judge.

REVERSED AND REMANDED.

*John H. Lucas* for appellant.

(1) The court erred in giving instructions numbered 3, as modified. This instruction assumes that a wrong was done to plaintiff. Wright v. Fonda, 44 Mo. App. 634. (2) The court erred in giving instruction numbered 4 for plaintiff. The court erred in giving instruction numbered 9, as modified, because said instruction assumes that there was at least some injuries. This was not only one of the real issues in the case, but the first verdict brought in by the jury showed that they did not believe there were any. The court erred in its refusal to give instruction numbered "B." The court erred in instructing the jury orally, on their duty to return actual damages, before they could return punitive damages. 2 Thomp. Trials, sec. 2375; State v. Cooper, 45 Mo. 64; State v. Shipley, 174

Mo. 517; Dean v. Chandler, 44 Mo. App. 344; Skinner v. Stifel, 55 Mo. App. 9. (3) All error is presumed to be prejudicial, and the burden is on the party who asserts its innocence. Skinner v. Stifel, 55 Mo. App. 9; Clark v. Fairly, 30 App. 335; Doyle v. Trust Co., 140 Mo. 1; State v. Shipley, 174 Mo. 512; Garber v. Kansas City, 105 Mo. App. 191; Camp v. Railroad, 94 Mo. App. 284. (4) The verdict is against the great weight of the evidence, and was the result of bias and prejudice.

*John L. Wheeler* and *John C. Nipp* for respondent.

(1) The court did not err in giving instruction numbered three, as modified. This instruction does not assume that a wrong was done. (2) The court did not err in giving instruction numbered four for plaintiff. Edelmann v. St. L. Tr. Co., 3 Mo. App. 506; Corriston v. Railroad, 25 Mo. App. 619; Kain v. Railroad, 29 Mo. App. 62; State v. Scott, 109 Mo. 231; 19 S. W. 89; Hartpence v. Rogers, 143 Mo. 633; 45 S. W. 650; Lackland v. Railroad, 101 Mo. App. 420, 74 S. W. 505; Brown v. Railroad, 104 Mo. App. 693, 78 S. W. 273; Dwyer v. St. L. Tr. Co., 108 Mo. App. 162; 83 S. W. 303. (3) Instruction numbered nine, as modified, does not assume that there ''was at least some injuries.'' This instruction from start to finish properly leaves that question to the jury. (a) Even if the instruction had assumed there ''was some injuries'' defendant was not injured thereby as shown by the verdict, and therefore, could not complain. Courtney v. Blackwell, 150 Mo. 277, 51 S. W. 668; Mills v. Taylor, 85 Mo. App. 111 (1900); Hoagland v. Amusement Co., 170 Mo. 343, 70 S. W. 878; Adams v. Railroad, 130 S. W. 50. (4) The court did not err in refusing to give in behalf of defendant instruction No. B because there was evidence of the injuries mentioned in that instruction (abstract of record, pages 17, 35). (5) The court

did not err in instructing the jury orally, it simply informed the jury as to its ordinary duty. Walsh v. Drayage Co., 40 Mo. App. 339; Baxter v. Magill, 127 Mo. App. 392, 105 S. W. 679. (a) Where the jury has been instructed to assess damages if they find for the plaintiff, if they omit to do so, it is not error for the trial court to direct their attention to the oversight and to suggest in open court that they retire and make the necessary correction. Mills v. Lewis, 8 Mo. App. 562; Cattell v. Pub. Co., 88 Mo. 356; Christopher v. White, 42 Mo. App. 428. (6) The fact that the jury failed to assess any actual damages is error against the plaintiff and hence the defendant can not complain. Courtney v. Blackwell, 150 Mo. 277, 51 S. W. 668; Mills v. Taylor, 85 Mo. App. 111; Hoagland v. Amusement Co., 170 Mo. 343, 70 S. W. 878; Adams v. Railroad, 130 S. W. 50. (7) The verdict is not against the greater weight of the evidence but is amply sustained by the evidence (Abstract of record, pages 15, 30, 48, 55, 66, 80, 85, 123). (a) The jury has found in favor of the plaintiff, and a verdict sustained by evidence will not be disturbed on appeal. Schaff v. Peters, 111 Mo. App. 447; Brockman Com Co. v. Kilbourne, 111 Mo. App. 542; Morgan v. Keller, 194 Mo. 663. (8) The burden is on the appellant to show from the record that he was prejudiced by the erroneous rulings complained of. Bellissime v. McCoy, 1 Mo. 318; Heiman v. Fisher, 11 Mo. App. 275; Sawyer v. Templer, 1 S. W. 833; Fogus v. Railroad, 50 Mo. App. 250.

BROADDUS, P. J.—This is a suit for damages growing out of the alleged wrongful act of defendant. It will become necessary in order to understand the issues raised on the appeal to quote from the petition the gravamen of the charge of wrong doing. "That on or about September 5, 1908, at about 10 o'clock p. m. at or near the entrance of the new city park, in Kan-

sas City, Kansas, plaintiff, in order to be transported to her home in Kansas City, Missouri, got on one of defendant's electric cars operated by defendant at said point and became a passenger thereon; that while she was in the vestibule of said car going to get a seat therein, the motorman who had charge of operating said car, an agent, and servant and employee of said defendant, without warning unlawfully, willfully, wantonly and maliciously struck her a violent blow in front on the stomach with his fist and arm severely wounding and bruising the same, causing her bowels to become inflamed and bruising her ovaries and causing the same to become inflamed; that by reason of the injuries aforesaid plaintiff suffered great pain and anguish and still suffers great pain and anguish and said injuries are permanent."

The plaintiff, who sues by her next friend, was at the time in question fifteen years of age. On September 5, 1908, there was a picnic in Kansas City, Kansas, which plaintiff with her mother, brother and some friends attended. About 10 o'clock at night they started to return to their homes in Kansas City, Missouri. When the car arrived at the grounds there was a crowd of people ready to get on, and they were crowding one another as usual, and there were some passengers to get off.

Plaintiff's evidence tended to show that plaintiff's mother and a friend entered the car first, and that just as plaintiff started to step up into the vestibule, the motorman, a large, powerful man struck her a severe blow on the stomach and bowels with his fist or an iron bar, knocking her back against the people behind her, at the same time he said to her: "God damn you, I want you to know that I am running this car and not the public, I am going to see who gets on and when I want them to get on." Plaintiff's evidence was to the effect that the force of the blow was so great that it knocked plaintiff back against one of her friends who

in turn was thrown against another and that three were falling in a row, as described by appellant's counsel, "like a line of ten pins."

The other two persons so knocked down claim to have been seriously injured and also have suits pending against defendant for their damages. These two persons with members of their families and that of plaintiff, were the sole witnesses introduced by the plaintiff, although it was shown that there were twelve or fifteen other persons, friends and acquaintances of plaintiff, present.

On behalf of the defendant many witnesses testified that when the crowd attempted to board the car the motorman politely requested them to wait until the passengers on the car were discharged, and that when plaintiff attempted to push past he put his arm across the door of the car to prevent her from entering until the others had gotten off. That he did not strike her, or attempt to strike her or offer her any indignity whatever; that plaintiff or any one else was not knocked down and nothing of the kind as testified to by plaintiff's witnesses transpired.

Instruction 3 given for plaintiff after defining implied malice, reads as follows: "The question is, whether the wrong was done willfully and without lawful justification or exercise, and if you find and believe from the evidence that the assault of the defendant's motorman, if any, upon plaintiff was wanton and brutal, then your verdict must be for the plaintiff."

Instruction 4 given for plaintiff is objected to by appellant. It is as follows: "The court instructs the jury that if it finds and believes from the evidence that the motorman, Bradshaw, assaulted plaintiff and struck her in the stomach, causing the injuries as charged in the petition, then you should find a verdict in favor of the plaintiff, unless they further find and believe from the evidence that such assault and striking, when done, was reasonable and apparently neces-

sary in defense of a threatened attack upon the said motorman by the plaintiff and that said motorman in striking plaintiff used no more force than appeared to him to be reasonably necessary to protect himself from the threatened attack by the plaintiff—if you find that the plaintiff did so threaten to attack the said motorman.''

After the jury had been retired under the instructions of the court and after considering their verdict they returned into court the following verdict: ''We the jury, find for the plaintiff and assess her exemplary damages at $500.'' Upon the receipt of this verdict, the court orally informed the jury that unless they find that there was actual damages sustained by plaintiff their verdict must be for the defendant. Afterwards, the jury returned into court a verdict for the plaintiff for actual damage in the sum of one dollar and for exemplary damages in the sum of $500.

The objection the defendant makes to plaintiff's instruction 3, that it assumes that the motorman assaulted plaintiff is not well taken. The criticism upon number 4 is well founded. It raises a question that was not in issue either under the pleadings or on the evidence. There was no pretense whatever that the motorman struck plaintiff, if he did strike her, in self defense, and why the jury should be told that plaintiff was entitled to recover if the motorman assaulted her, unless the jury believed he did it in defense of his own person, we are at a loss to understand, unless it was for the purpose of making it appear that the appellant was relying upon the ridiculous defense that the motorman struck the plaintiff to defend himself from an attack of a young girl fifteen years of age, and thereby rendering defendant contemptible in the minds of the jury. The instruction also refers the jury to the petition to ascertain the injuries plaintiff sustained and for that reason it was also objectionable. We find no serious objection to other instructions.

The action of the court in saying to the jury that unless they found that plaintiff sustained actual damages, the verdict must be for the defendant was not prejudicial error. It is true unless some actual damage is suffered, punitive damages cannot be allowed. But it is held: "In a case where a jury in finding the issues for plaintiff, and in assessing punitive damages, must have found facts to be true which would have entitled plaintiff to at least nominal damages assessed as actual damages, and when these facts are found, the omission by the jury to assess any sum as actual damages was error against plaintiff, which if he had appealed, would have resulted in a reversal of the judgment, but as to the defendant it is an error in his favor and he cannot complain." [Adams v. Railroad, 149 Mo. App. 278; O'Hara v. Gas Light Co., 131 Mo. App. 428.]

We cannot heed defendant's argument that the verdict of the jury was obtained on false testimony, as the credibility of the witnesses was solely a matter for the jury. Other assignment of errors we do not consider well taken. For errors noted the cause is reversed and remanded. All concur.