Supreme Court—Faggioni v. Weiss.

ALFRED FAGGIONI ET AL. v. ALEXANDER WEISS.

Decided April 11, 1925.

**Negligence—Motor Vehicle Collision—Injury to Passenger of De-
fendant—Former Trial, Judgment for $15,000 was Awarded—
Retried for Trial Errors, Judgment for $1,000 Awarded, From
Which Plaintiff Appeals—Defendant Claims no Judgment
Against Him Should Have Been Given—Ground for Support
of Theory of Undue Sympathy of Jury for Injured Boy—Rule
Made Absolute.**

On plaintiffs' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Thomas Brown*.

*Contra, McDermott, Enright & Carpenter.*

PER CURIAM.

The plaintiffs in this suit, father and son, brought the action to recover compensation for injuries received by the son while riding in the automobile of the defendant, and for the expenses to which the father was put by reason of those injuries. The injuries received were so severe as to make necessary an amputation of the boy's leg above the knee. The claim of the plaintiffs was that the injuries resulted from a collision between the automobile of the defendant and a car driven by one Schenck, and that this collision was the result of the negligence of the defendant. At a former trial there was a finding of liability against the defendant and an award of damages to the boy of $15,000 and to the father of $3,000. The judgment entered on this first verdict was afterward reversed for trial errors. A retrial of the case resulted in a finding of liability as to the defendant and an award of

damages of $1,000 in favor of the boy and $500 in favor of the father. The plaintiffs thereupon applied for and obtained this rule to show cause why these verdicts should not be set aside because of their gross inadequacy.

The result of this second trial, as was said by Chief Justice Beasley in *Miller* v. *Delaware, Lackawanna and Western Railroad Co.*, 58 *N. J. L.* 428, cannot be explained on any ground that will harmonize it with justice or common sense. Counsel for the defendant argues that the present rule should be discharged, notwithstanding the inadequacy of the verdicts, for the reason that, under the evidence submitted at the trial, the jury should have found no liability existing on the part of the defendant for the injuries which are the subject-matter of the litigation. Assuming that this argument rests upon a sound basis (and the verdict itself affords, by necessary implication, strong ground for its support, for it is difficult to explain it on any other theory), it demonstrates that the finding of the jury, instead of being a determination of the respective rights and obligations of the parties as exhibited by the proofs in the case, was the result of the sympathy which the members of that body felt for the unfortunate boy. Accepting the explanation of counsel for the defendant as sound, we have no doubt that the present rule should be made absolute and the case sent back to be tried *de novo* before another jury, for, as was stated in the case above cited, a body of men, so disregardful of the obligation resting upon them, should not be permitted to settle the rights either of the plaintiff or the defendant.