## JOSEPH SARDO INFIRRI, PLAINTIFF, v. CHARLES STASIAK, DEFENDANT.

Decided November 13, 1926.

**Negligence—Injury to Passenger While in Act of Boarding Auto Bus—One Foot was Amputated—Jury's Award of $500, Apparently, Grossly Inadequate—New Trial Asked as to Damages Only, but New Trial Ordered as to All Issues.**

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Francis A. Castellane, Jr.* (*Joseph H. Gaudielle,* of counsel).

*Contra, Alexander M. MacLeod* (*George L. Record,* of counsel).

PER CURIAM.

There was a preliminary motion made on behalf of the defendant to dismiss the rule to show cause, which motion is denied. Now, as to the merits on which the rule to show cause is based.

The plaintiff brought his action against the defendant to recover compensation for injuries sustained by him through the alleged negligence of the defendant in the operation of an auto bus for the carrying of passengers for hire, while he, the plaintiff, was in the act of boarding the vehicle, as a passenger. The cause was tried in the Bergen Circuit, and resulted in a verdict for the plaintiff for $500. The nature of the injury sustained by the plaintiff was the loss of his left foot. One of the wheels of the bus ran over it and crushed it to such an extent that an amputation of the foot was a vital necessity. The amputation was performed in

Bellevue Hospital, in the city of New York. The plaintiff entered the hospital on the day of the injury, May 8th, 1923, and left that institution on June 22d, 1923, although he was not completely healed at that time. He was a presser by trade, earning $70 a week at the time of his injury. Since then, according to his testimony, he has been without work for two years and four months. He, furthermore, testified that he was unable to continue in the vocation of a presser by reason of the loss of his foot. Even without taking into consideration the loss of present and prospective earnings, by reason of his altered physical condition, the award of $500 for the loss of his foot and the resulting pain and suffering endured by him is so ridiculously inadequate that it shocks the sense of justice, and stamps the verdict as the result of either mistake, partiality, passion or prejudice, on part of the jury.

We are asked to grant a new trial as to damages only, but we think that there should be a new trial on all the issues involved in the cause, and, therefore, the rule will be made absolute and a new trial ordered on all the issues, costs to abide the event.