BERNARD J. WALSH, PLAINTIFF-RESPONDENT, v. TRENTON TIMES, INC., DEFENDANT-APPELLANT.

Submitted October 27, 1939—Decided January 25, 1940.

For the appellant, *Charles R. Hardin* and *George Gildea*.

For the respondent, *Frank I. Casey*.

The opinion of the court was delivered by

PARKER, J. This is a libel suit, based on several successive editorials in the defendant's newspaper, claimed by plaintiff to be libelous *per se*. The complaint was in five counts, each count reciting a separate editorial. At the trial only compensatory damages were claimed. On the third and fifth counts the jury found "no cause of action." On the first, there was an award of $2,000 damages; on the second, $8,000; and on the fourth $5,000. There was a rule to show cause for a new trial, the reasons stated being (Nos. 1 to 5) that the verdicts were excessive; and (6) allegedly improper remarks of plaintiff's counsel in addressing the jury. There was a reservation of exceptions for the purpose of appeal. Judge Oliphant, who tried the case, decided that the verdicts on the several counts were excessive, and awarded a new trial on damages only. (Supreme Court rule 132.) On that second trial the amounts found by the jury were $1,000, $1,500 and $1,500 on the first, second and fourth counts, respectively; and judgment was entered accordingly. Hence the present appeal.

Fourteen grounds of appeal were filed. The case is submitted without oral argument. The first four grounds and the sixth are expressly abandoned. Others are not argued. The point particularly stressed is that the plaintiff, having presented no evidence to show any special damage, was not entitled to more than nominal damages; and the court was asked, and refused, so to charge.

We take up the grounds of appeal that are argued in numerical order.

The fifth ground is that the court refused to charge the following request: "No evidence of damage having been offered by the plaintiff in this case, you must assess only nominal damages on each of the three counts in the plaintiff's complaint." The court properly refused so to charge.

In *Reilly* v. *Curtiss, 83 N. J. L.* 77, the Supreme Court held, citing 25 *Cyc.* 531 (now 37 *C. J.* 91), that "when words spoken are actionable *per se,* plaintiff is not required to introduce evidence of actual damage to entitle him to substantial damages, since in the absence of any evidence of damage the law presumes the damage."

We do not understand that there is any difference in this respect between an action of slander and an action of libel. See *Odgers on Libel and Slander* *293.

In 17 *R. C. L.* (at *p.* 430), it is stated that "General damages in actions for libel and slander have been defined as those which the law presumes must naturally, proximately, and necessarily result from the publication in question. They are such damages as are recoverable without proof of special damage. The following elements may be taken into consideration in assessing such damages; injury to feelings, mental suffering, injury to character and reputation, and similar injuries, incapable of definite money valuation." We think it is elementary law that in actions for libel and slander, substantial damages are recoverable as general damages, without proof of special damage, which must be averred and proved.

The sixth ground of appeal is abandoned, as has been said.

The seventh ground is the refusal of the court to charge as requested: "There is no evidence in this case that the three editorials sued upon wounded the feelings of Mr. Walsh

or caused him any mental anguish and he is not entitled to any damages on these items." The eighth and ninth are considered with it.

The eighth is: "There is no evidence in this case that Mr. Walsh ever read the three editorials in question or any one of them."

The ninth is: "If it can be assumed that Mr. Walsh read the three editorials in question, there is no evidence that they caused him any mental suffering or wounded feelings. So far as the evidence shows he may have been amused by them rather than had his feelings wounded."

These three requests seem to revolve around the proposition that, as a means to recovery it was necessary for the plaintiff not only to allege in his complaint, but to prove he had read the editorials in question, and that they had caused him mental suffering.

Disregarding certain technical faults appearing in the above requests and in the exceptions, particularly in the matter of duplicity, we think the meritorious answer is, that where the plaintiff has begun an action at law and has filed therein a complaint setting out in full the publication of the various editorials in question, the publication of which was admitted in the answer, it is necessarily to be presumed that the plaintiff in beginning that suit and in prosecuting it was aware of the publication of those editorials; and it is further to be presumed that, in the absence of justification, the editorials were libelous, and it would thereby follow that a citizen when so libeled would be wounded in his feelings. Counsel points to no case, and we know of none, wherein it was held that a plaintiff in a libel suit or a slander suit was obliged to allege and prove his knowledge of the libel and his mental reaction thereon. We think, therefore, that these three grounds are without substance.

Grounds 10 to 15, inclusive, are treated together in the brief and will be so considered here.

Grounds 10 and 11 relate to refusal of a request to charge; and 12 to 15, inclusive, to instructions given by the court.

Ground 10 is the refusal of the court to charge the jury that they could not give the plaintiff any damages for loss of

reputation because this resulted, if at all, from his conviction on certain of the charges preferred by the city council and not from the editorials. This, of course, involved a question of fact and was rightly refused.

Ground 11 was refusal of a request that even if substantial damage could be presumed from the publication of the editorials, nevertheless the evidence defeats any such presumption for certain reasons based on alleged matters of fact. It was in substance a repetition of the preceding request and was likewise properly refused.

The judge charged (ground 12) in substance that even though the plaintiff did not take the stand, the law assumes in such cases that there was damage and that it was for the jury to say what that damage is. This seems to be in line with the case of *Reilly* v. *Curtiss* already cited, and we think it is correct.

Ground 13 has already been considered, and we think that the court properly charged that the averment in the complaint that plaintiff was greatly injured in his good name, &c., amounts to a special allegation of damages sufficient to warrant the award of substantial compensatory damages by the jury if they determine he was entitled thereto.

Ground 14 was an instruction that in estimating the damages the jury could consider the mental suffering occasioned by the publication of the defamatory words, if any. This is in line with what has already been said, and we think the charge was correct.

Finally, a passage from the charge wherein the court again alludes to injuries to plaintiff's reputation and mental anguish and suffering. These phases of the case have already been discussed and it is unnecessary to say anything further about them.

The foregoing considerations result in an affirmance of the judgment.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, DONGES, PERSKIE, PORTER, HETFIELD, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.