MARY WHITE et al., Plaintiffs, *v.* MARY P. HUSSEY et al., as Trustees under the Will of HENRY B. PRUSER, Deceased, et al., Defendants.

Supreme Court, Trial Term, Westchester County, January 9, 1948.

*Sidney L. Garwin* for plaintiffs.

*John J. O'Connor* and *W. E. Cribari* for trustees, defendants.

*Reginald V. Spell* and *F. M. Gagliardi* for Schwerin Air Conditioning Corporation, defendant.

*Daniel Miner* and *Paul D. Carrigg* for Perfection Products Co., defendant.

SANTRY, J. Two actions against the three defendants were tried together. One action was brought by Mary White to recover for personal injuries; the other by her husband, Jack White, to recover for expenses and loss of consortium.

The jury reported that they had agreed upon a verdict, and on being asked by the clerk how they found, reported as follows: " The Foreman: The jury, in an unanimous verdict, find the defendants Mary Pruser Hussey and Mount Vernon Trust Company, as trustees, are liable to the amount of $1500, and the Perfection Products Co., Inc., liable in the sum of $500, and award such damages to Mary White in the sum of $1600 and to Jack White in the sum of $400. We find no cause of action as

against the defendant Schwerin Air Conditioning Corporation."

Whereupon the court said: " The Court: Ladies and gentlemen of the jury, that verdict cannot stand. There is no comparative negligence in the State of New York. If you find negligence which caused or contributed to the happening of the accident against more than one defendant you cannot divide that negligence 10 per cent. and 90 per cent., for example, but your verdict will be against both defendants. You may return to your juryroom and reconsider your verdict."

At this point the defendants Hussey and Mt. Vernon Trust Co., as trustees, excepted to the court's action in directing the jury to return for further deliberation, and asked the court to direct a verdict against both defendants, Hussey and Mt. Vernon Trust Co., as trustees, and Perfection Products' Co.

The plaintiffs joined in the exception and the motion. The defendant Schwerin Air Conditioning Corporation, noted its exception. The defendants Hussey and Mt. Vernon Trust Co., as trustees, then moved for a mistrial.

The jury retired and seven minutes later returned and announced a unanimous verdict against the defendants Hussey and Mt. Vernon Trust Co., as trustees, in favor of the plaintiff, Mary White, in the sum of $1,600, and in favor of the plaintiff, Jack White, in the sum of $400.

Whereupon the court said: " The Court: And as to the other defendants you find what? " And the foreman of the jury replied: " The Foreman: No cause of action."

The defendants Hussey and Mt. Vernon Trust Co., as trustees, then moved to set aside the verdict on the grounds set forth in section 549 of the Civil Practice Act, and specifically on the ground that the rendition of the first verdict entailed an illegal verdict and the jury should have been discharged, and on the further ground that under the first verdict the jury found negligence against the defendant Perfection Products Co., and that there was no authority in law for a reconsideration. They also renewed their motion for a mistrial and for a directed verdict.

The verdicts of the jury as finally rendered and recorded should be allowed to stand.

In their first report the jury did not render a verdict that was legal, or which could be permitted to stand. The court refused to accept it as a verdict and it was never entered or recorded as a verdict. The jury was not released or discharged, and the issues in the cases were still in their hands for consideration and for the rendition of proper verdict.

"There is no doubt but that a jury after giving a verdict may, before it is recorded, be sent back to reconsider it; not only to correct a mistake in form, or to make that plain which was obscure, but to alter it in substance as they so determine and agree." (*Warner* v. *New York Central R. R. Co.*, 52 N. Y. 437, 440.)

The motions to set aside the verdicts, the motion for a mistrial, and the motion for a directed verdict, are all denied, with exceptions in each case to the party adversely affected.

After the verdict motions were also made to dismiss all of the cross actions set up in the pleadings of the various parties to these actions. These motions are all granted and all of the cross actions are dismissed, with exceptions to all parties adversely affected.

The plaintiffs may enter judgment at once, and the defendants are granted a stay of execution for thirty days, and, if an appeal is taken, an additional stay of sixty days to make a case.

Submit orders accordingly.