Defendants appeal from a judgment of $1,500 in favor of the plaintiff, entered in the Law Division of the Superior Court. The question presented is whether the trial judge erred in refusing to accept the first verdict returned by the jury; in instructing them to retire and reconsider their verdict; and in accepting the verdict subsequently returned by the jury.
Plaintiff sued to recover for damage to his automobile and for personal injuries resulting from a collision with a bus owned by the defendant Public Service Coordinated Transport and operated by the defendant Jack Breen. The case went to the jury at 2:50 P.M.; thereafter, the jury sent a note to the judge asking whether an eleven-to-one verdict would be acceptable to the court; at 4:50 P.M. the jury was returned to the court room and the judge charged the jury that an eleven-to-one verdict in this case would not be a legal verdict; and at 4:53 P.M. the jury retired again to consider its verdict. At 5:27 P.M. the jury returned with the following verdict: "We, the jury, find in favor of the plaintiff in the amount of $734.75." Before the court clerk recorded the verdict, the court gave the following instructions:
"Now, stop just a minute, Mr. Clerk. I was just looking at my trial notes here, Mr. Foreman, and I noted that according to the figures of the actual out-of-pocket disbursements, plus this $105 estimated dentist bill, the bulk of which, as I recall it, was agreed to in amount at pretrial conference by the defendant, these sums in dollars and cents aggregate within $50 of the amount of your verdict. So that would mean that your verdict would allow, for all the pain and suffering and for the disabilities arising therefrom, the sum of $50. It is, after all, your verdict. If, of course, you felt there was reasonable ground for disbelief of these pecuniary items, or if you felt there was reasonable ground for disbelief of these personal injuries and disabilities, that is one thing. But I just wondered if you had considered that angle of the matter. I would accordingly like to ask you to reconsider your verdict, naturally in its entirety, for a brief additional while."
The jury retired again at 5:30 P.M. The attorney for the defendants moved for a mistrial on the ground that the additional remarks by the court were prejudicial. In denying this motion the court said: *Page 494 
"Mr. Boyd, I was very careful to tell them to reconsider their verdict in the entirety. It is also perfectly obvious to me that if that verdict were to be taken, it would have to be set aside as a pure compromise. It was with that in mind that I hesitated, as you will recall, and then charged them as I did. Your objection is noted."
At 5:50 P.M. the jury returned with the following verdict: "We find in favor of the plaintiff in the amount of $1,500." The judgment under appeal was entered on this verdict.
In New Jersey, the judge in the trial of a negligence action has certain recognized controls over the jury verdict when he deems it inadequate. Under Rule 3:59-1, the judge may grant a new trial as to all or part of the issues, upon motion made to him. Under Rule 3:59-4 the judge, of his own initiative, may order a new trial for any reason for which he might have granted a new trial upon motion of a party. Further, the judge, in his discretion, may give the defendant the option of paying a stated increase in the amount of the verdict or of going on to a new trial as to the amount of damages, subject to the power of an appellate court to vacate any such terms when they appear to be an abuse of discretion (Esposito v. Lazar, 2 N.J. 257
(1949)), which is a control not permitted in the federal courts (Dimick v. Schiedt, 293 U.S. 474, 79 L.Ed. 603), or in the English courts (Watt v. Watt [1905], A.C. 115, 6 B.R.C. 1).
In refusing to accept the first verdict, and in sending the jury back for further consideration, the judge acted on his belief that the first verdict was a compromise verdict and one which he would have to set aside. In effect, then, he found that the first verdict of the jury was the result of passion, prejudice, partiality or mistake. Infirri v. Stasiak,4 N.J. Misc. 915 (Sup. Ct. 1926); Juliano v. Abeles, 114 N.J.L. 510
(Sup. Ct. 1935). After a finding that the first verdict of a jury is so tainted, we think it very questionable whether substantial justice can be accomplished by permitting such a jury, on reconsideration, to settle the rights of the parties. See Faggioni v. Weiss, 3 N.J. Misc. 370 (Sup. Ct. 1925). The circumstance that such a control was never heretofore exercised, or its approval even suggested, is a strong *Page 495 
indication of the lack of judicial belief in the power. Lacking, as it does, the authority of rule, statute or precedent in this State, we think the action taken in this case was error.
The judgment under appeal is reversed and a new trial granted.