8 N.J. Super. 371 (1950)
72 A.2d 409
FRED B. MONEY, PLAINTIFF,
v.
PAUL A. ETTER, MARTIN R. DOLAN AND HELEN DOLAN, HIS WIFE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided March 30, 1950.
*372 Messrs. John H. Reiners, Jr., and Harry Green, attorneys for plaintiff.
Mr. Charles Camp Cotton, attorney for defendants.
PROCTOR, J.S.C.
This matter comes before the court on defendants' motion for a new trial.
Plaintiff sought damages against the defendants alleging that the defendants had conspired to destroy his career, and further that each of the defendants had made certain slanderous statements about him. Defendants denied any conspiracy and they further denied that any of them had made slanderous statements concerning the plaintiff. Furthermore, defendants contended that any statements that were alleged to have been made were true. The trial commenced January 4, 1950, and concluded February 3, 1950, with the jury bringing in the following verdict:
"We find for the Plaintiff, against Martin Dolan, the sum of $100.00 compensatory damages and the sum of $1,000 punitive damages.
"We find for the Plaintiff against Helen Dolan the sum of $100.00 compensatory damages and the sum of $1,000 punitive damages.
"We find for the Plaintiff against Paul Etter the sum of $100.00 compensatory damages and $3,000.00 punitive damages."
*373 Defendants advanced numerous reasons for setting aside the verdict but at the argument abandoned them all, except that the court erred in directing the jury to return for further deliberations after it had delivered one verdict.
At the conclusion of the trial and summations of counsel, the court charged the jury the rules as to slander and informed the jury that the words, if they found them to have been spoken by the defendants, were slanderous per se and that the plaintiff would be entitled to damages without proof of special damages. The court also defined compensatory and punitive damages. No exceptions were taken as to these parts of the charge. The jury, after deliberating approximately eight hours, returned to the courtroom and the forelady stated as follows:
"We find for the Plaintiff against Paul Etter the sum of no compensatory damages; in the sum of $3,000 punitive damages; we find for the Plaintiff against Martin Dolan the sum of no compensatory damages; in the sum of $1,000 punitive damages; we find for the Plaintiff against Helen Dolan, the sum of no compensatory damages and the sum of $1,000 punitive damages."
The court refused to receive the verdict as above found because it was not one that the jury, under the charge of the court, was at liberty to render, and the jury was sent back to reconsider the case in its entirety, with the direction that, in the event they found for plaintiff, to find an amount for compensatory damages. The court based its action on the ground that in defamatory actions where the words uttered are slanderous per se the plaintiff is entitled to general damages. Walsh v. Trenton Times, Inc., 124 N.J.L. 23 (E. & A. 1939). The jury, after retiring, asked again to be instructed on compensatory and punitive damages, which instruction was given. Sometime later the jury returned its verdict which is set forth in the beginning of this opinion.
Defendants argue that the court was bound to accept the jury's verdict as originally rendered, and at the same time make the contradictory point that the verdict, as originally rendered, was invalid and one that the court would have had *374 to set aside. In other words, defendants contend that the original verdict was nugatory and that the court was powerless to permit the jury to correct it; that when the court did permit the jury to retire and again deliberate on the case in its entirety, the court invaded the province of the jury.
The jury, having rendered substantial punitive damages in its original verdict, must have determined that the defendants maliciously gave utterance to the slanders complained of. In other words, the jury by its verdict impliedly found that the defendants maliciously uttered certain false statements of and concerning the plaintiff, which statements, as I have already indicated, were slanderous per se. The law presumes that general damages follow from the utterance of matters slanderous per se. Hence, where, as here, the publication is slanderous per se and is false and unprivileged, a cause of action for actual or compensatory damages is established. Walsh v. Trenton Times, Inc., supra. I do not feel that the province of the jury was invaded to the least extent by the action of the court in instructing the jury to deliberate again on the case in its entirety. See Note in 33 A.L.R. at page 414 and Note in 81 A.L.R. at page 918. The failure of the jury originally to award compensatory damages to the plaintiff constituted an error which could be corrected on further deliberation.
Our highest court has held that a verdict might be reconsidered and corrected by the jury while the matter is still sub judice. Salvato v. N.J. Asphalt & Paving Co., 135 N.J.L. 185 (E. & A. 1947). In that case the verdict first returned was in improper form, void and could not be received. The jury was given supplementary instructions and returned a verdict greater in amount than the original verdict. The court on final appeal held that the jury could consider the question of damages de novo with due regard to the charge of the court.
In the present case, where a mistake has been made, it would be intolerable to require the acceptance of an improper verdict and one that would have to be set aside. This would *375 put the parties to the expense and delay of another trial and a waste of public time and money.
Defendants' brief states:
"This motion now rests entirely upon a very recent decision of the Appellate Division * * *. It is the case of Elvin v. Public Service, 4 N.J. Super. 491, 67 A.2d 889, August 10th, 1949. So recent that it escaped discovery until after the first return date of the motion, because it was not in any of the indexes or digests as yet. This decision is almost on all fours with the instant case."
The court had the Elvin case in mind when it instructed the jury to retire and reconsider the case in its entirety. See Transcript, page 270. At the trial I distinguished the Elvin case from the present case in that in the former case the trial judge found the original verdict to be "pure compromise," while in the present case I did not feel that the verdict was a compromise verdict on the question of liability. The original verdict in the present case reflected the opinion of the jury that defendants had made slanderous statements maliciously about plaintiff, but that plaintiff, due to circumstances which had been brought before the jury during the trial, had suffered no damages. And the jury's final verdict, after receiving supplemental instructions, did not reflect any substantial change from its original verdict, for it allowed plaintiff only $100 compensatory damages against each defendant. In other words, the jury was of the opinion plaintiff suffered very little compensatory damages. Its second verdict in no way shows that the first was a compromise.
It is quite understandable that after a jury has found a verdict based on a compromise of liability, any action by the court in permitting that jury or another jury to increase the amount of the verdict would result in an impairment of defendant's constitutional right of a trial by jury. Cf. Esposito v. Lazar, 2 N.J. 257 (1949). However, there was no compromise of the liability in the present case.
Therefore, for the foregoing reasons I will sign an order dismissing the motion.