PER CURIAM.
This is an appeal by the defendants in the trial court from an adverse jury verdict and final judgment entered thereon. The causes of action were for false imprisonment, unlawful detention, unauthorized search, and assault and battery. The appellant has preserved a number of points for review, some of which we will dispose of in reliance upon the following authorities: Esch v. Forster, 123 Fla. 905, 168 So. 229; Welch v. Gray Moss Bondholders Corporation, 128 Fla. 722, 175 So. 529; Winn & Lovett Grocery Co. v. Archer, 1936, 126 Fla. 308, 171 So. 214; Smith v. Whidden, Fla.1956, 87 So.2d 42; Garrison v. Hertz Corporation, Fla.App.1961, 129 *52 So.2d 452; David Properties, Inc. v. Selk, Fla.App.1963, 151 So.2d 334; Hart Properties, Inc. v. Slack, Fla.1963, 159 So.2d 236; Spencer Ladd’s, Inc. v. Lehman, Fla. App.1964, 167 So.2d 731.
A more difficult question is presented in determining the propriety of the trial court’s action upon receipt of the jury’s verdicts. As originally received, the verdicts were for the sum of No Dollars compensatory damages and $5,000.00 punitive damages for the minor plaintiff, Irene Markantonatos, and $1,500.00 compensatory damages for her father on his derivative claim. Upon the verdicts being delivered to the court by the clerk, he called counsel to the bench and indicated that the verdicts were not in accordance with the instructions given, and indicated an obvious misunderstanding by the jury of said instructions. Thereupon, he reinstructed the jury to retire and further consider the compensatory award to the minor plaintiff, without further considering the punitive damages awarded to her or the compensatory award to her father.
It appears that ordinarily a verdict of No Dollars is a good verdict in the State of Florida. See: Higbee v. Dorigo, Fla.1953, 66 So.2d 684; Bowser v. Harder, Fla.App.1957, 98 So.2d 752. However, when it is apparent that the jury has misunderstood the court’s instructions and rendered a defective verdict, they may be reinstructed and returned to the jury room. See: Rentz v. Live Oak Bank, 61 Fla. 403, 55 So. 856. Here, where it was apparent that the jury intended to award the minor plaintiff a verdict but had misinterpreted the court’s instructions and rendered a defective verdict, we find no error in the resubmission under the circumstances of this case.[1] See: Covington v. Clemmons, 61 Fla. 151, 55 So. 81; Dawson v. Metropolitan St. Ry. Co., 157 Mo.App. 642, 138 S.W. 665; Money v. Etter, 8 N.J.Super. 371, 72 A.2d 409; 89 C.J.S. Trial § 512, p. 193.
Therefore, the final judgment here under review is hereby affirmed.
Affirmed.

. This is particularly so when it is obvious that the jury found the defendants liable to both plaintiffs, and awarded compensatory damages on the derivative claim and punitive damages on the minor plaintiff’s cause of action.