189 So.2d 624 (1966)
STEVENS MARKETS, INC., a Florida Corporation, and Gray Security Service, Inc., a Florida Corporation, Petitioners,
v.
Irene MARKANTONATOS, a Minor, by Her Father and Next Friend, Nick Markantonatos, and Nick Markantonatos, Individually, Respondents.
No. 34626.
Supreme Court of Florida.
June 29, 1966.
Rehearing Denied September 19, 1966.
*625 Reginald L. Williams and Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for petitioners.
Kelner & Lewis, Miami, for respondents.
CALDWELL, Judge.
This cause is here on petition for writ of certiorari to review the decision of the District Court of Appeal, Third District,[1] which affirmed the judgment of the trial court for the plaintiff in an action for damages for false imprisonment, unlawful detention, unauthorized search and assault and battery. Petitioner, defendant below, has raised seven points for review, three of which merit our consideration.
The complaint alleged damages arising from detention and search of the minor plaintiff on suspicion of shoplifting. The jury verdicts, as first submitted to the Court, were for No Dollars compensatory damages and $5,000 punitive damages for the minor plaintiff, Irene Markantonatos, and $1,500 compensatory damages for the plaintiff's father. When the verdicts were submitted, but neither read nor recorded, the trial judge called counsel to the bench and stated the verdicts indicated an obvious misunderstanding by the jury of the instructions. The judge directed the jury to retire and again consider the compensatory award to the minor plaintiff without further considering the punitive damages awarded her or the compensatory award to her father and charged the jury as follows:
"Gentlemen of the jury, it is the Court's opinion that the verdict that you have returned to the Court in reference to Irene Markantonatos, that it is incumbent  of course, the law requires first of *626 all that some degree of compensatory damages be fixed by the jury before punitive damages can be fixed by the jury.
"Now, compensatory damages can be nominal, very nominal, and with that instruction, I am asking you gentlemen to return to the jury room; and only with that verdict in reference to Irene Markantonatos, to affix there, in the compensatory damages catagory, a sum of money  whether it be nominal or otherwise I leave with your discretion  and you are the tryers of the facts and you heard the testimony in the case."
On appeal defendants assigned as error (1) the trial court's resubmission of the verdict for No Dollars compensatory damages to the jury and (2) the resubmission of that verdict alone without allowing the jury to further consider the punitive damage award to the minor plaintiff or the compensatory damage award to her father. The District Court held that, although a verdict of No Dollars is ordinarily a good verdict in this State, such a verdict may be resubmitted to the jury when it is apparent that the jury misunderstood the court's instruction. The opinion does not discuss point two, supra, the propriety of resubmitting only one of the three original verdicts.
Petitioner contends the decision of the District Court, approving the resubmission to the jury of only one of three verdicts, conflicts with Grant v. State, 33 Fla. 291, 14 So. 757, 23 L.R.A. 723 (1894); Rentz v. Life Oak Bank, 61 Fla. 403, 55 So. 856 (1911); Bryant v. State, 34 Fla. 291, 16 So. 177 (1894) and Tobin v. Garry, 127 So.2d 698 (Fla.App.2d 1961). The cases cited hold that until the verdicts in a case are received, accepted and recorded by the court, such verdicts are still under the control of the jury. The Tobin case, supra, at page 700, held:
"* * * The validity of a verdict is a question for the Court and until it is received and recorded by the Court, it is still within the control of the jurors. See Nelson v. McMillan, 151 Fla. 847, 10 So.2d 565. It is clearly the right and duty of the Court before discharging the jurors to call their attention to a defective verdict and give them an opportunity to return a proper verdict. Rentz v. Live Oak Bank, 61 Fla. 403, 55 So. 856. When they are sent back to further or reconsider the matter, the case is still in their hands. They are not bound by their former action. They are at liberty to review the case and to bring in an entirely new verdict."
It is established that when a verdict is returned for correction the jury may alter it in substance or submit a different verdict. Until a verdict is accepted by the court and recorded the entire cause remains in the hands of the jury. No case is cited and none is found sanctioning the resubmission of less than all the multiple verdicts in a cause. The Dawson[2] and Money[3] cases cited by the District Court upheld the resubmission of verdicts awarding punitive damages without an award of compensatory damages but, in those cases, the courts resubmitted all verdicts. In neither of the cases cited was the punitive damage award withheld from the jury, as in the instant case.[4] The District Court erred in affirming the trial court's resubmission of only one of three verdicts involved in this cause.
A third point raised by petitioner, not disposed of by the District Court, merits consideration. The record discloses that, after the trial judge had instructed *627 the jury to reconsider the compensatory damage award to plaintiff, he directed the clerk to prepare the verdict form by writing in the $5,000 punitive award and leaving a blank space for the amount of compensatory damages. The judge then conferred with counsel:
"THE COURT: Do you gentlemen have any objection if I just hand this verdict to the jury in the jury room?
"MR. LEWIS: I certainly have no objection.
"THE COURT: I can assure you, I will make no statement, other than what I have told them already, what I think they should have been told.
"Do you have any objection?
"MR. WILLIAMS: No, sir. I object to the verdict, your Honor, but 
"THE COURT: I understand that.
"MR. WILLIAMS:  but I don't object to your handing the form, rather than the Clerk, who would otherwise do it."
Thereupon the judge entered the jury room and, when he returned to the bench this colloquy occurred:
"MR. WILLIAMS: Well, now, there is something I am embarrassed about. I had no objection to your Honor handing the verdict to the jury. I thought your Honor was going to open the door and hand it to them, and your Honor went in and closed the door, and by the timing on the clock, you were in there three minutes.
"I did not realize your Honor was going to go into the jury room  in privacy in the jury room. I thought your Honor was going to hand the verdict to the jury.
"THE COURT: Let the record show that the Foreman of the jury told me in the jury room  without being asked  that they did not understand the law to be that they had to find compensatory damages in some amount before they could find punitive damages, and that was the extent of what took place by the Court in the jury room with the jury."
Respondent insists, because of the stipulation, the presence of the trial judge in the jury room and his communication with the jury do not constitute reversible error. On this we must disagree because it seems clear the action of the trial judge exceeded the bounds of the stipulation reflected in the record. The rule was discussed in the Smith[5] case in which this Court held:
"* * * no communication whatever ought to take place between the judge and the jury, after the cause has been committed to the jury, and they have been charged by the court, unless in open court and in the presence of the defendant, and, if practicable, of his counsel."
Certiorari is granted, the decision of the District Court is quashed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ROBERTS and ERVIN, JJ., and WARREN, Circuit Judge, concur.
THORNAL, C.J., dissents, no jurisdiction.
O'CONNELL, J., dissents because of lack of jurisdiction.
THOMAS, J., dissents and agrees with THORNAL, C.J., and O'CONNELL, J.
NOTES
[1] 177 So.2d 51 (Fla.App.3rd 1965).
[2] Dawson v. Metropolitan St. Ry. Co., 157 Mo. App. 642, 138 S.W. 665 (1911).
[3] Money v. Etter, 8 N.J. Super. 371, 72 A.2d 409 (1950).
[4] To like effect, although not involving punitive damage verdict, are Blain v. Yockey, 117 Colo. 29, 184 P.2d 1015, (1947); White v. Hussey, 191 Misc. 193, 76 N.Y.S.2d 924 (1946).
[5] Smith v. State, 40 Fla. 203, 23 So. 854, 857 (1898).