RAWLS, Chief Judge.
By this appeal, appellants challenge the judgment entered upon a jury verdict and the trial court’s denial of a motion for a new trial.
This case arose out of a bicycle-automobile accident. The evidence reflects that Keith Chestnut, who was ten years old at the time of the accident, while riding his older brother’s bicycle, ran into the side of an automobile driven by appellee Valeria Hiers Curry. At most, evidence as to any negligence on the part of Mrs. Curry was “skimpy”.
Prior to argument of counsel, the Court settled the charges and in so doing, denied that portion of defendant’s requested Instruction No. 17, which provided for special verdict in the event the jury found that both parties were negligent. The Court instructed the jury that two forms of verdict were being furnished, and pointed out that if it found for the plaintiffs, they should assess damages as follows:
“. . . First, if you find for the plaintiffs, your verdict will be in the following form: Verdict for plaintiffs, ‘We the jury find for plaintiffs and assess their damages as follows: A) Keith Alan Chestnut, blank dollars. And you will insert in that blank space the amount of dollars that you feel he is entitled to for his damages, if any; and B) James E. Chestnut, blank dollars. And you will insert in that blank space the amount of dollars that you feel James E. Chestnut is entitled to recover, if any. . . .”
However, when the jury returned with its first verdict, it found for the plaintiffs and assessed their damages as follows:
“. . . Keith Alan Chestnut, $3,000.00. James E. Chestnut, blank. So say we all, dated at Ocala, Marion County, Florida, this blank day of January, 1974, James D. Buhl, Sr., as foreman.”
It is at this stage that we are confronted with what we determine to be appellants’ primary point on appeal, viz:
“THAT THE VERDICT RETURNED BY THE JURY AWARDING DAMAGES FOR KEITH CHESTNUT AT $3,000.00 AND AWARDING THE FATHER JAMES CHESTNUT NOTHING WAS AN IMPROPER VERDICT, AND IT WAS ERROR TO RESUBMIT THE VERDICT TO THE JURY LIMITING THEIR CONSIDERATION ONLY TO DAMAGES TO BE AWARDED THE FATHER, JAMES CHESTNUT.”
Upon the jury returning its verdict, the following colloquy was heard between the Court and the attorneys, viz:
“MR. PATTILLO: I’d like to suggest, Your Honor, that you give them an explanation that we can, if necessary, write out an agreement that says to them that *320 under the evidence and the instructions, assuming that they found fault by Mrs. Curry in some measure, that the father is entitled to recover some portion of the medical expenses proportionate to Mrs. Curry—
“THE COURT: Well, I think if you don’t do that, if you all can’t agree on something like that, what I’d have to do is grant a new trial in this case eventually because I don’t think this verdict is right. They can’t find for the boy and not find for the father.
“MR. HARRIETT: Well, at the present time, Judge, I don’t really know what I want to agree to, you know. I’m rather shocked at the — you know, I expected something substantial or nothing.
“THE COURT: Or nothing, one or the other.
“MR. HARRIETT: And here it is, it comes out like this. I don’t know, you may convince me about that special verdict before we get done trying lawsuits under comparative negligence.
“MR. PATTILLO: We’d have had a sure cure for it if—
“THE COURT: Well, I don’t know whether we would or not. They might have brought in a verdict like this anyway ; you can’t tell about that.
“MR. HARRIETT: Well, could we do this? I don’t see anything else to do but to accept that verdict as is, and give Mr. Pattillo and I a chance maybe to discuss it and maybe see what we want to do with it. Right now I’m not at all happy with the three thousand obviously; and I’d really think I’d have been better satisfied with nothing.
“MR. PATTILLO: I’d like to ask Your Honor and move that the jury, in effect, be called back and given a special verdict to return in which they tell us the damages that • they assessed, the total damages they assessed and the proportion of responsibility.
“MR. HARRIETT: We object to the motion, Your Honor.
“THE COURT: Well, I’m going to give the jury an additional instruction and send them back anyway. I can’t see that any harm will be done.
“Let me see that verdict, Barbara. Call the jury in.”
As reflected above, the only objection voiced by appellants’ counsel was directed to the renewed request by appellees’ counsel for the Court to submit a special verdict to the jury. Appellants did not object to the additional instruction given by the Court prior to the jury returning its second verdict. The following colloquy reflects that even after the verdict was returned, no objection as to the last instruction was lodged by appellants:
“THE COURT: I think what that verdict indicates is they found very little negligence on the part of Mrs. Curry. I think without a doubt that’s what it indicates.
“MR. HARRIETT: Judge, I just don’t know. They have shot me down.
“THE COURT: I think that’s what it indicates because they knew what Mr. Chestnut’s damages were. They had the figures there, and they gave him $100, which is a very small percentage of what his actual damages were. So, I think that’s what they did.
“MR. HARRIETT: I don’t know whether that’s the indication or not, Your Honor. It’s possible, but I just don’t really know.”
Appellants’ primary grievance set forth in the motion for new trial is directed towards “. . . grossly inadequate” damages. At no point in the trial proceedings did appellants object to the procedure utilized by the trial judge. Appellants insist that Stevens Markets, Inc. v. Markantonatos, 189 So.2d 624 (Fla.1966) controls. In that case, appellants specifically objected to the verdict. In the instant case, appellants *321 first lodged their dissatisfaction on appeal. The law is well settled that having failed to raise this issue at the trial level, the matter is not one which can be properly-reviewed by this Court on appeal.
Affirmed.
MILLS, J., concurs.
JOHNSON, J., dissents.