JOHNSON, Judge
(dissenting):
I respectfully dissent from the majority opinion herein. It is my opinion that the issue of whether it was error to resubmit a limited verdict form to the jury before their verdict had been accepted and recorded was effectively preserved for appellate review. When the jury first returned with its improper verdict, counsel for appellee suggested that an explanation be given the jurors or an agreement be written out to the effect that the father was entitled to recover some portion of the medical expenses. The Court then stated that
“if you all can’t agree on something like that, what I’d have to do is grant a new trial in this case eventually because I don’t think this verdict is right. They can’t find for the boy and not find for the father.”
Counsel for appellants then stated that, at that time, he really didn’t know what he wanted to agree to. After further discussion, counsel for appellee renewed his request for a special verdict, and counsel for appellants objected. The trial court, immediately thereafter, stated:
“Well, I’m going to give the jury an additional instruction and send them back anyway. I can’t see that any harm will be done.”
The trial judge then sent the jurors back to determine what amount the father was entitled to recover and delivered the verdict form back to them for that purpose.
It is my opinion that it was clearly error to resubmit the verdict to the jury limiting their consideration only to damages to be awarded the father and that appellants’ counsel’s remarks effectively constituted an objection to this procedure. Further debate on the issue was terminated when the trial judge announced that he was going to send the jury back anyway with instructions.
Also, I take issue with the findings in the last paragraph of the majority opinion. While appellants’ motion for new trial and for judgment notwithstanding the jury verdict did raise the issue of inadequacy of damages, paragraph 2(c) further states:
“That the jury was confused in arriving at the verdict. Witness the fact that the jury returned a verdict for $3,000.00 for the minor Plaintiff . . . and placed no amount of damages in the blank provided for . . . Plaintiff’s father in said verdict form.”
Thus, I cannot agree with the majority’s finding that “appellants first lodged their dissatisfaction on appeal.” Nor can I find any justification for distinguishing this case from the case of Stevens Markets, Inc. v. Markantonatos, 189 So.2d 624 (Fla.1966), on the basis of proper objection having been raised and properly preserved for appeal in that case. A reading of that opinion indicates that it was the trial judge who called counsel to the bench regarding the improper verdict, and then the trial judge erroneously instructed the jury to reconsider only a portion of its verdict. Nowhere does it appear from the opinion in that case that either counsel objected to that procedure either before or after such instruction was given. Rather, the opinion states that “On appeal, defendants assigned [this] as error . . .” The opinion in that case does indicate that counsel did object to the verdict, but I construe this to *322 mean the amount of the verdict, rather than the resubmission of a portion of the verdict form to the jurors.
I would reverse and remand this cause for a new trial under the authority of Stevens Markets, Inc. v. Markantonatos, supra. Also see Napolitano v. Unger, 237 So.2d 234 (Fla.App. 3rd, 1970).