PER CURIAM.
Appellants, Ginger Streacker and James Streacker, plaintiffs in the negligence action below, appeal an order granting a new trial. The trial court found that appellee, Thomas D. Hinton, was entitled to a new trial on all issues after it erroneously instructed the jury that they could not change their response to another question on the verdict form after the trial court resubmitted the verdict to them. Because we hold that the granting of a new trial was not an abuse of discretion, we affirm the trial court’s order.
As a result of an automobile accident, a negligence action was instituted in the trial court and the case was tried on causation and damages. Although Hinton acknowledged that he was negligent at trial, he asserted comparative negligence. The jury initially returned a verdict apportioning liability, finding that Mrs. Streacker suffered a permanent injury, awarding certain amounts of economic damages, but not awarding non-economic damages. That initial verdict was never published or recorded. After hearing the parties’ arguments, the trial judge instructed the jurors to “award some amount” for non-economic damages and further directed them to correct a clerical (mathematical) error on the verdict form. The Streackers’ counsel agreed with the trial court, acquiesced in sending the verdict back to the jury for reconsideration, and argued that the verdict was inconsistent or inadequate in its failure to award non-economic damages. Hinton’s counsel objected to the resubmission of the verdict to the jury and argued that the jury was not required to award non-economic damages simply because they found a permanent injury.
After the verdict was resubmitted to the jurors, they sent a written question to the trial court asking if they could make a change to the verdict on the award of past consortium damages. Over the objection of Hinton’s counsel, the judge answered “no” to the jury’s question. The jury awarded non-economic damages and the amended verdict was published.
Upon Hinton’s motion for new trial, the trial court found that it had committed error in instructing the jury that they could not change their response to another question on the verdict form after the verdict was resubmitted. As a result of that error, the trial court further found that Hinton was entitled to a new trial on all issues.
On appeal, the Streackers argue that the trial court erred in granting a new trial. Relying on Allstate v. Manasse, 707 So.2d 1110 (Fla.1998), they contend that *428 the initial resubmission of the verdict to the jury with directions that they award noneconomic damages was error, and that this error could be cured by reinstating the initial verdict. They further argue that the issue to be retried, if any, should be limited to non-economic and consortium damages. The Streackers below, however, agreed and in fact, argued for the resubmission of the verdict to the jury for an award of non-economic damages.
The trial court based its grant of new trial only on its error of not permitting the jury to reconsider aspects of the original verdict other than the question of noneco-nomic damages. We cannot address the Streackers’ alleged initial error by the trial court in rejecting the initial verdict and resubmitting the verdict to the jury because the record demonstrates that the Streackers’ counsel urged the trial court to resubmit the initial verdict to the jury for the sole purpose of awarding non-economic damages, specifically arguing that the jury had to award “something” for pain and suffering after they found that Mrs. Streacker suffered a permanent injury.
The issue before this court is whether the trial court abused its discretion in granting a new trial. The Florida Supremea Court has held that the judicial determination on a motion for a new trial is a discretionary act of the trial court. See Manasse, 707 So.2d at 1111; see also State v. Spaziano, 692 So.2d 174 (Fla.1997). The trial court properly found that under Stevens Markets, Inc. v. Markantonatos, 189 So.2d 624 (Fla.1966), and its progeny, it had erred in instructing the jury that they could not change their response to another question on the verdict form after the verdict was resubmitted to them. We conclude that there was no abuse of discretion because it was reasonable for the trial court to view its error as warranting a new trial.
The trial court’s error cannot be cured with a reinstatement of the initial verdict because it was the trial court’s error in its response to the jury’s question, and not the initial resubmission of the verdict, that afforded Hinton a new trial. Furthermore, the trial court did not abuse its discretion in granting a new trial on all issues. The trial judge properly found that a partial new trial limited to the damages issue would be inappropriate because the error necessitating the new trial, i.e., prohibiting the jury from making changes to the verdict form, potentially prejudiced the verdict on all issues.
Accordingly, the order granting a new trial is affirmed.
KAHN and DAVIS, JJ., concur.
BARFIELD, C.J., concurs with opinion.