WARNER, J.
Appellants challenge a final judgment rendered in their action against appellee, the City of Hollywood, for injuries suffered in an automobile accident. During jury deliberations, the jury asked whether it could award future damages without finding that appellant was permanently injured, the trial court informed the jury that it could not. We hold that this was error and reverse.
*233 At the conclusion of the trial, the jury returned a verdict finding the City negligent and the legal cause of appellant’s injuries. It awarded him $7,127 for his past medical expenses, $11,615.26 for past lost income, zero damages for future medical expenses, and $3,925 for vehicular damages. The jury did not find appellant suffered a permanent injury but awarded him $50,000 in non-economic damages and his wife $10,000 for loss of consortium, making the total damage award $72,667.26. Arguing the verdict was inconsistent only as to the award for non-economic damages without a finding of permanency, appellants urged the court to resubmit to the jury only those portions of the verdict. The City argued the entire verdict was inconsistent, requiring the jury to reconsider all of the questions. The trial court agreed with appellants, resubmitted to the jury those questions dealing with whether appellant sustained a permanent injury, non-economic damages, and loss of consortium, and instructed the jurors to address only those questions.
During the renewed deliberations, the jury asked whether it could award appellant future medical expenses (for which the jury had originally made no award) “without acknowledging he has permanent injuries.” Appellants argued that the court should respond “yes” to the question based upon case law that permitted an award of future economic damages without a finding of permanency. However, the City argued that the jury should not be allowed to reconsider other questions pursuant to the trial court’s ruling. The court agreed and responded “[n]o, you are to re-answer question # 6 and then question 7 and 8 if appropriate.” The jury’s final verdict still awarded zero damages for future medical expenses and found appellant did not suffer a permanent injury, but it eliminated the non-economic damages. After their motion for new trial was denied, appellants filed this appeal.
In Auto-Owners Insurance Co. v. Tompkins, 651 So.2d 89, 91 (Fla.1995), the supreme court held that proof of a permanent injury is not an absolute prerequisite to awarding future medical expenses. Therefore, the court’s instruction to the jury that it could not award future medical expenses without finding appellant had a permanent injury was wrong as a matter of law. The City argues that appellant “invited” the commission of this legal error. We disagree.
This case is similar to Streacker v. Hinton, 742 So.2d 426 (Fla. 1st DCA 1999). In that case, also a negligence action arising out of an automobile accident, the jury’s initial verdict found the plaintiff suffered a permanent injury but did not award any non-economic damages. The plaintiffs argued this was inconsistent or inadequate. The trial court agreed and instructed the jury to deliberate again and “award some amount” for non-economic damages. While deliberating the second time, the jury sent a written question asking if it could make a change to the verdict on the award for past consortium damages. The judge responded “no” to the question, and the defendant objected. On the defendant’s motion for new trial, the trial court found that it erroneously instructed the jury in its response to the jury’s question, and therefore, the defendant was entitled to a new trial on all the issues. On appeal, the first district held that it could not address the plaintiffs’ first contention-that the trial court erred in resubmitting the verdict to the jury to consider only the future economic damages-because the plaintiffs “urged” the trial court to take this action. Id. at 428. However, the first district held the plaintiff did not invite the trial court’s second error in response to the jury’s question and a new trial was proper. See id. In reaching this result, *234 the first district relied upon Stevens Markets, Inc. v. Markantonatos, 189 So.2d 624, 626 (Fla.1966), which held that when a verdict is returned to the jury for correction, “the entire cause remains in the hands of the jury,” and it can alter any part of the verdict until the trial court accepts it.
While appellants may have agreed to resubmit only certain questions to the jury initially, when the jury asked to change another portion of the verdict, they objected. It cannot be said that they invited the court’s error in instructing the jury that it could not change its verdict or that it could not award future medical expenses without a finding of permanency.
Because the trial court erred in instructing the jury, we reverse for a new trial on damages only. We affirm as to all other issues raised.
HAZOURI and MAY, JJ., concur.